IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOWARSKI RUSSELL NEDD,

    Petitioner,

v.                                                                                      Civil Action No. **3:16CV948**

HAROLD W. CLARKE, DIRECTOR,

    Respondent.

## MEMORANDUM OPINION

Jowarksi Russell Nedd, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the County of Accomack, Virginia ("Circuit Court") for capital murder, robbery, and use of a firearm in commission of a felony and resulting life sentence. Respondent moves to dismiss the § 2254 Petition, *inter alia*, as barred by the statute of limitations. Nedd has responded. For the reasons stated below, the Motion to Dismiss will be GRANTED.

## I. PROCEDURAL HISTORY

A jury convicted Nedd of capital murder, robbery, and use of a firearm in the commission of a felony. The Court sentenced Nedd to life in prison on the murder charge, fifteen years in prison on the robbery charge, and three years in prison on the use of a firearm charge, with all sentences to run consecutive. *Commonwealth v. Nedd*, Nos. 09CR051–01 through –02 & 09CR086, at 1–2 (Va. Cir. Ct. July 1, 2010). Nedd appealed. On February 9, 2011, the Court of Appeals of Virginia denied Nedd's petition for appeal. (ECF No. 13–1, at 1.) On December 6,

2011, the Supreme Court of Virginia dismissed Nedd's subsequent petition for appeal. (ECF No. 13-2.)

On November 22, 2016,[1] Nedd filed his § 2254 Petition in this Court. In his § 2254 Petition, he asserts the following grounds for relief:[2]

Claim One: "Petitioner was denied the effective assistance of counsel when counsel failed to convey to petitioner a formal plea offered by the Commonwealth, place it on the official record or otherwise explain its significance." (§ 2254 Pet. 3.)

Claim Two: "Petitioner was denied a fundamental right to due process in the selection of a jury free from bias and partiality and the trial court denied this right when it refused to grant a motion for change of venue." (*Id.* at 7.)

Claim Three: "My constitutional right to due process was denied when the trial court refused to allow the sequestration of prospective jurors during voir dire." (*Id.* at 11.)

Claim Four: "My constitutional right to due process was denied when the trial court refused to allow two instructions be given to the jury for consideration." (*Id.* at 12.)

Claim Five: "The evidence in its totality was insufficient to establish guilt beyond a reasonable doubt, which violated my Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution." (*Id.* at 14.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Nedd's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas

---

[1] This is the date that Nedd states that his § 2254 Petition was deposited in the prison mailing system (§ 2254 Pet. 21), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court corrects the capitalization and removes emphasis and underlining in the quotations from Nedd's submissions.

2

corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Nedd's judgment became final on Monday, March 5, 2012,[3] when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is

---

[3] While Nedd filed a motion for extension of time and an untimely petition for rehearing, the Supreme Court of Virginia denied the motion for extension of time and dismissed the petition for rehearing as untimely filed. *Nedd v. Commonwealth*, No. 111187, at 1 (Va. Feb. 10, 2012); *Nedd v. Commonwealth*, No. 111187, at 1 (Va. Mar. 8, 2012). This untimely petition for rehearing does not extend the date of the finality of Nedd's judgment. *Cf. United States v. Bendolph*, 409 F.3d 155, 158–59 & n.5 (3rd Cir. 2005) (explaining that untimely petition for writ of certiorari does not delay the date on which conviction became final under § 2244(d)(1)(A)); *United States v. Segers*, 271 F.3d 181, 184–86 (4th Cir. 2001) (explaining that neither an unsuccessful request for extension of time to file a petition for writ of certiorari nor a petition for rehearing delays the date of finality of judgment and commencement of the limitations period).

completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on March 6, 2012 and expired on March 6, 2013. Nedd failed to file his § 2254 Petition until November 2016, more than three and a half years after the limitation period expired.[4] Accordingly, the § 2254 Petition is barred unless Nedd demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)–(D) or some equitable exception to the limitation period. Nedd advances two arguments to excuse his tardy filing: (1) that he is actually innocent and, (2) that a state created impediment prevented him from filing. As discussed below, both arguments lack merit.

C.   **Actual Innocence**

In his § 2254 Petition, Nedd contends that "the statute of limitations . . . does not apply due to my claim that I am actually innocent of the crime for which I was convicted." (§ 2254 Pet. 18.) The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews Nedd's arguments

---

[4] Nedd also fails to demonstrate that he ever properly filed a petition for writ of habeas corpus in the state court. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (explaining that to qualify for equitable tolling an application must be "properly filed" in accordance with the rules of the court for such submissions). Indeed, the Circuit Court noted in October 2015 that a submission labeled, "Petition for Writ of Habeas[,] . . . ha[d not] been properly prepared." (ECF No. 15–6, at 1.)

under the more lenient standard for gateway actual innocence claims, because subscribing to Nedd's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Instead of providing new, reliable evidence to support a claim of actual innocence, Nedd states, that "in the claims presented arguing the reasoning's [sic] why an involuntary plea was

entered, I have demonstrated a colorable showing of actual innocence." (§ 2254 Pet. 19.) While Nedd fails to expand on this statement, the Court presumes that he refers to Claim Five wherein he alleges that insufficient evidence existed to convict him of the charges. In this section, Nedd provides no new evidence, but simply argues that he could not be convicted on the evidence that was presented at trial because the only evidence of his guilt "was that [Nedd] was the last person to have been seen in the presence of the victim." (*Id.* at 16.) Nedd has simply failed to direct the Court to any new, reliable evidence of his innocence. *See Calderon*, 523 U.S. at 559 (emphasizing that new, reliable evidence of innocence is a "rarity"). Thus, the Court need not proceed to the second part of the inquiry. Accordingly, Nedd fails to establish that his alleged actual innocence permits the Court to reach the merits of his time-barred § 2254 Petition.

Moreover, compelling evidence exists of Nedd's guilt of capital murder, robbery, and use of a firearm in the commission of a felony. As the Court of Appeals of Virginia aptly found in reviewing the sufficiency of the evidence:

> The victim died as a result of a fatal gunshot wound to the head. He was last seen alive on the afternoon of August 14, 2008, and his decomposed body was found on August 19, 2008. The medical examiner could not determine a date of death. The victim's pants pockets were turned inside out when he was found. Forensic evidence showed that the victim was shot with a .357 magnum handgun that he had purchased. Appellant sold this same .357 magnum gun to Eddie Savage on August 14, 2008. Appellant told Eddie Savage he found the gun, he had fired the gun, and it was loud. Eddie Savage testified he had previously purchased another gun from appellant and he saw appellant retrieve that gun from a trailer belonging to the victim. Appellant worked for the victim, a contractor.
> At the time of the incident, appellant resided with Eddie Savage and his sister, Cleterria Savage. Eddie Savage testified that on August 14, 2008, appellant telephoned and asked for a ride home from the victim's house. Cleterria Savage, appellant's girlfriend at the time, testified appellant made the call sometime after 5:00 p.m. Eddie Savage and his sister retrieved appellant from the victim's residence. Appellant had boxes and trash bags containing clothing, paper towels, laundry detergent, and shoes. Appellant told Cleterria Savage that the victim had given him the items. Appellant also had a "wad of money" that he said he had found at a location where the

victim had fallen on the previous day. Cleterria Savage testified appellant possessed $3,800 in cash. Eddie Savage stated that on August 20, 2008, appellant telephoned him and said he needed to get the guns out of the house because the police were coming to search the house. Appellant fled to Louisiana after giving the police a statement.

The victim was in the process of moving his residence, and a trailer located at the construction site contained many unpacked boxes, including boxes of clothing. A witness testified appellant was assisting the victim with moving the boxes on the morning of August 14, 2008. This witness tried to locate the victim in person and by telephone at about 8:00 p.m. on that date, and she could not reach him. She never heard from the victim again. An employee of a building supply store testified she sold the victim some supplies at about 4:00 p.m. on August 14, 2008, and he paid for the items in cash. She stated he "pulled out a big wad of cash" when paying for the items.

"[T]he 'combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" *Juniper v. Commonwealth*, 271 Va. 362, 416, 626 S.E.2d 383, 418 (2006) (quoting *Chichester v. Commonwealth*, 248 Va. 311, 329, 448 S.E.2d 638, 650 (1994)). If, based on the Commonwealth's evidence the fact finder justifiably could have excluded all reasonable hypotheses of innocence, or determined that any possible hypothesis of innocence was less than reasonable, then we must affirm. We defer to the fact finder because the inferences to be drawn from proven facts are the province of the fact finder so long as they are reasonable and justified. *See Higginbotham v. Commonwealth*, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975).

The Commonwealth's evidence placed appellant with the victim on the date the victim was last seen alive. In addition, appellant was in possession of items belonging to the victim, including the murder weapon, on the evening of the last date the victim was seen alive. When appellant was developed as a suspect in the case, he advised Eddie Savage that they needed to get rid of the .357 magnum gun he had sold to Eddie Savage because the police were going to search their residence. In addition, appellant had a large amount of cash on the last date the victim was seen alive--also the same date the victim was seen with a large amount of cash. The victim's pants pockets were inside out when his body was discovered. Furthermore, appellant fled the state after giving the police a statement. "Flight following the commission of a crime is evidence of guilt . . . ." *Clagett v. Commonwealth*, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996).

Whether a hypothesis of innocence is reasonable is a question of fact, *Cantrell v. Commonwealth*, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the jury is binding on appeal unless plainly wrong or without evidence to support it, Martin, 4 Va. App. at 443, 358 S.E.2d at 418. Viewed in the light most favorable to the Commonwealth, the circumstantial evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses.

(ECF No. 13-1, at 3-4.) Contrary to Nedd's weak claim that he is innocent, the evidence clearly establishes his guilt of capital murder, robbery, and use of a firearm in the commission of a felony. Nedd fails to demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Sharpe*, 593 F.3d at 377 (quoting *Schlup*, 513 U.S. at 327-28). Accordingly, as previously explained, Nedd's purported actual innocence fails to allow the Court to reach the merits of his time-barred § 2254 Petition.

### D. State-Created Impediment in Violation of the Constitution

A claim for belated commencement due to State action "must satisfy a far higher bar than that for equitable tolling." *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at *7 (E.D. Va. Mar. 2, 2012) (quoting *Leyva v. Yates*, No. CV 07-8116-PA, 2010 WL 2384933, at *3 (C.D. Cal. May 7, 2010)). To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008)). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). A court "should grant relief only where a petitioner is 'altogether prevented . . . from presenting his claims in *any* form, to *any* court.'" *Saunders*, 2012 WL 689270, at *7 (quoting *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009)). Thus, a prisoner "must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations." *Id.* (citing *Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010)).

For the first time in his Reply, Nedd asserts that he is entitled to belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B) because "the state created an impediment to timely filing." (Reply 4, ECF No. 15.) In his Reply, he provides a timeline of the alleged actions he took in state court with regard to filing a petition for a writ of habeas corpus. Nedd claims that "he submitted a habeas corpus petition to the Circuit Court on November 22, 2012." (*Id.* at 1.) According to Nedd, "[a]fter receiving no response from the court on this petition, I inquired from the clerk, by letter dated November 12, 2013, into the status of the petition and requested information . . . [but t]he court did not reply to this letter." (*Id.* at 2.) Nedd then waited until June and July 2015, more than a year and half after his initial query, to inquire again about his habeas petition. (*Id.*) Nedd contends that he never received a response. (*Id.*)

In September 2015, Nedd filed a Motion for Judgment in the Circuit Court. (*Id.*) Nedd received the following response on October 7, 2015: "Our office has received your Petition for Writ of Habeas and a Motion for Judgment, neither of these documents have been properly prepared for the Court. We no longer file Motion for Judgments. I have enclosed the instructions for filing a Writ of Habeas, please review it and resubmit your petition." (ECF No. 15–6, at 1.) Nedd apparently did not resubmit a habeas petition as instructed. (Reply 3.)

Instead, in June 2016, Nedd submitted a Petition for a Writ of Mandamus in the Supreme Court of Virginia complaining about the Circuit Court's alleged inaction. (*Id.*) On July 20, 2016, the Supreme Court of Virginia responded as follows:

> This office has been in contact with the Accomack Circuit Court Clerk's office, which has advised this office that it has no record of receiving a habeas corpus petition from you in 2012. The clerk's office pointed out that the address that you provided in your July 31, 2015 letter as being the address to which you mailed your petition was actually the address of the Accomack General District Court. This office thus contacted the general district court which has no record of

>having received a habeas corpus petition from you (the general district court advised us that misaddressed pleadings are forwarded on to the circuit court).

(ECF No. 15–9, at 1.)

It is unclear why Nedd believes these communications demonstrate a state-created impediment to filing his federal habeas petition. First, Nedd fails to identify any State action that violated the Constitution. To the extent that Nedd faults the Circuit Court for failing to file a petition that it never received, or for failing to file a motion that did not comply with Circuit Court rules, he provides no explanation with respect to how these actions were unconstitutional. Thus, for this reason alone, he fails to demonstrate the requisite unconstitutional state action to satisfy § 2244(d)(1)(B).

Nedd also fails to demonstrate that such action actually prevented him from timely filing a § 2254 Petition. *See Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasizing that state action must "altogether prevent[ ] [a petitioner] from presenting his claims in *any* form, to *any* court" to trigger § 2244(d)(1)(B)). To the contrary, Nedd's own inaction caused the late filing of his § 2254 Petition. Nedd claims he filed a state habeas petition in November of 2012. Nedd failed to follow up about the Circuit Court's receipt of the petition until a year later in November 12, 2013. The federal limitations period expired on March 6, 2013. Nedd made no effort to inquire about his alleged state habeas petition between November 2012 and March 6, 2013. Moreover, to the extent he had not received any indication from the Circuit Court about the receipt of his petition Nedd could have filed a protective petition in federal court if he was concerned about the running of the federal statute of limitations. *See Piggott v. Kelly*, No. 3:11CV432, 2012 WL 3579613, at *4 n.9 (E.D. Va. Aug. 17, 2012) (citations omitted); *Ocon-Parada*, 2010 WL 2928590, at *3 n.10 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2010)); *cf. Madden v. Thaler*, 521 F. App'x 316, 321 (5th Cir. 2013) (finding that the petitioner

was not entitled to belated commencement under § 2244(d)(1)(B) because an appellate court's delay in issuing a mandate "did not prevent him from filing a timely protective federal petition and seeking a stay of the one-year limitations period" (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 655–56 (2012); *Pace*, 544 U.S. at 416–17; *Rhines v. Weber*, 544 U.S. 269, 278 (2005))); *Garcia v. Hansen*, No. 15-CV-00740-GPG, 2016 WL 559218, at *4 (D. Colo. Feb. 12, 2016) (citations omitted) (rejecting petitioner's allegation that his "lack of receipt of the 'mandate verifying the denial of the writ of cert.'" was a State-created impediment "that actually prevented him from filing [a § 2254 petition]"). Nedd's § 2254 Petition is barred by the statute of limitations and will be DENIED.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Nedd's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Final Order shall issue.

Date: 5/25/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Nedd fails to meet this standard.