IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOWARSKI RUSSELL NEDD,

    Petitioner,

v.                                                  Civil Action No. **3:16CV948**

**HAROLD W. CLARKE, DIRECTOR,**

    Respondent.

## MEMORANDUM OPINION

Jowarksi Russell Nedd, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the County of Accomack, Virginia ("Circuit Court") for capital murder, robbery, and use of a firearm in commission of a felony and resulting life sentence. By Memorandum Opinion and Order entered on May 25, 2017, the Court denied Nedd's § 2254 Petition because it was barred by the applicable one-year statute of limitations. *Nedd v. Clarke*, No. 3:16CV948, 2017 WL 2297023, at *1–7 (E.D. Va. May 25, 2017).

On June 19, 2018, the Court received from Nedd a "MOTION TO ALTER, AMEND OR RECONSIDER JUDGMENT," seeking relief under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 23).[1] In his Rule 60(b) Motion, Nedd requests that the Court

---

[1] Although Nedd also brings this motion pursuant to Federal Rule of Civil Procedure 59(e), he submitted this motion well beyond the twenty-eight days permitted for Rule 59(e) motions. Thus, he may not seek Rule 59(e) relief. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))). Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

vacate the dismissal of his § 2254 Petition because the Court erred in its conclusion that his § 2254 Petition was untimely. (*See id.* at 3.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Nedd was required to file his motion within a reasonable time after the entry of the May 25, 2017 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time– and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Nedd's Rule 60(b) Motion, filed over thirteen months after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th

---

. . . .
    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

2

Cir. 2004)).

Nedd also complains that he was unaware that his § 2254 Petition was dismissed on May 25, 2017, and wrote to the Court in August 2017, but never received a response. (Rule 60(b) Mot. 3–4.) By Memorandum Order entered on April 26, 2018, the Court explained the following to Nedd in response to this complaint:

> On September 7, 2017, the Court received a letter from Petitioner wherein he alleged that he never received any response from the Court about the disposition of his petition. (ECF No. 18.) Petitioner also stated that he submitted a Reply to the Motion to Dismiss that he hoped the Court considered. That same day the Clerk mailed Petitioner a copy of the docket sheet that indicated exactly when his § 2254 petition was dismissed and also indicated that the Court had received his Reply to the Motion to Dismiss and considered that Reply in its dismissal of the petition. Many months later, on April 16, 2018, the Court received another letter from Petitioner repeating the contents of his September 7, 2017 letter and stating that he plans to file an untimely appeal. (ECF No. 21.) The Court believes that Petitioner is well aware of the disposition of his § 2254 petition but simply does not like the result. Nevertheless, the Clerk is DIRECTED to send Petitioner a copy of the May 25, 2017 Memorandum Opinion and Order and a copy of the docket sheet and note the same on the docket.

(ECF No. 22, at 1.)[2] Notably, Nedd received a copy of the Memorandum Opinion and Order dismissing the action pursuant to the April 26, 2018 Memorandum Order, however, did not file the instant Rule 60(b) Motion until more than two months later, on June 29, 2018. Nedd has consistently acted in an untimely fashion with regard to this action. Nedd fails to offer any persuasive argument as to why this Court should find that his Rule 60(b)(6) was filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional).

Even if Nedd's Rule 60(b) Motion was considered timely, he fails to offer any persuasive reason that would warrant vacating the prior dismissal of his § 2254 Petition. The Court found

---

[2] Nedd contends that his outgoing mail log demonstrates that he did not receive any mail from the Court until April 30, 2018. (Rule 60(b) Mot. 4.) Nedd failed to submit this mail log with the instant Rule 60(b) Motion. As discussed below, even if the Court were to find this Rule 60(b) Motion timely, Nedd fails to demonstrate that extraordinary circumstances warrant vacating the May 25, 2017 Memorandum Opinion and Order dismissing his § 2254 Petition.

3

that Nedd's § 2254 Petition was barred by the statute of limitations. Nedd now argues that "[t]his Court erroneously accepted as fact the Respondent's argument and found that I failed to identify any state action that created an impediment to the filing of this federal habeas petition." (Rule 60(b) Mot. 3.) In determining that his § 2254 Petition was untimely, the Court relied upon the state court record before this Court, and rejected Nedd's unpersuasive arguments that he was actually innocent and that the state courts somehow prevented him from filing his federal § 2254 Petition. Contrary to Nedd's assertions, the Court was not required to accept unpersuasive and undeveloped arguments as facts. Nedd clearly dislikes the conclusion that his § 2254 Petition was untimely, but offers nothing in his Rule 60(b) Motion that would require this Court to vacate that conclusion, and he fails to demonstrate extraordinary circumstances. Accordingly, Nedd's Rule 60(b) Motion (ECF No. 23) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 10/1/18
Richmond, Virginia

/s/ K
John A. Gibney, Jr.
United States District Judge

4