IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOWARSKI RUSSELL NEDD,**

    Petitioner,

v.                                                                                      Civil Action No. **3:16CV948**

**HAROLD W. CLARKE, DIRECTOR,**

    Respondent.

**MEMORANDUM OPINION**

Jowarksi Russell Nedd, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the County of Accomack, Virginia ("Circuit Court") for capital murder, robbery, and use of a firearm in commission of a felony, and his resulting life sentence. By Memorandum Opinion and Order entered on May 25, 2017, the Court denied Nedd's § 2254 Petition because it was barred by the applicable one-year statute of limitations. *Nedd v. Clarke*, No. 3:16CV948, 2017 WL 2297023, at *1–7 (E.D. Va. May 25, 2017). On October 2, 2018, the Court denied a motion seeking relief under Federal Rule of Civil Procedure 60(b)(6). (ECF Nos. 26, 27.) After a limited remand to determine whether Nedd was entitled to a reopening of the appeal period, on June 20, 2019, the United States Court of Appeals for the Fourth Circuit dismissed his appeal. (ECF No. 37.)

On August 5, 2020, the Court received from Nedd yet another "MOTION FOR RELIEF FROM JUDGMENT," seeking relief under Federal Rule of Civil Procedure 60(b)(6) ("Second Rule 60(b) Motion," ECF No. 44). In his Second Rule 60(b) Motion, Nedd once again requests that the Court vacate the dismissal of his § 2254 Petition because the Court erred in its conclusion that his § 2254 Petition was untimely. (*See id.* at 1–2.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make the threshold showings of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies these threshold showings, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Nedd was required to file his motion within a reasonable time after the entry of the May 25, 2017 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Nedd's Second Rule 60(b) Motion, filed more than three years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974), and *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)).

Nedd fails to offer any persuasive argument why this Court should find that his Second Rule 60(b) Motion was filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional).

Even if Nedd's Second Rule 60(b) Motion was considered timely, he fails to offer any persuasive reason that would warrant vacating the prior dismissal of his § 2254 Petition. The Court found that Nedd's § 2254 Petition was barred by the statute of limitations. The Fourth Circuit determined that there was nothing "debatable" in that conclusion. (ECF No. 37, at 3–4.) Once again, Nedd continues to disagree with the Court's conclusion that his § 2254 Petition was untimely. However, Nedd offers nothing in his Second Rule 60(b) Motion that would require this Court to vacate the dismissal of his § 2254 Petition and he fails to demonstrate extraordinary circumstances. Instead, Nedd simply rehashes his arguments why his § 2254 Petition was timely and advances a frivolous argument that this Court lacks jurisdiction to find his § 2254 Petition untimely.[1] Nedd fails to demonstrate any entitlement to relief under Rule 60(b). Accordingly, Nedd's Second Rule 60(b) Motion (ECF No. 44) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 26 October 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[1] Nedd contends that this Court lacked jurisdiction because Respondent did not file his response pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to the federal habeas rules, Respondent's Motion to Dismiss and Rule 5 Answer and Rule 5 Response were the appropriate filings. *See* Rules Governing Section 2254 Cases in the United States District Courts Rule 5.

3